DOE, Demise of ELIHU M. LYNCH, et al. *v.* RICHARD ROE, casual ejector, and ELISHA W. CANNON and GEORGE W. CANNON, tenants in possession.

*Ejectment—Adverse Possession—Statute of Limitations—Evidence of Lost Deed.*

Possession of real estate, obtained under a contract of purchase, is by consent of the owner until all the conditions on the part of the purchaser are complied with. After performance of all conditions on the part of the purchaser, the possession becomes adverse, and if it so continue for twenty years, the right of the former owner to recover possession is gone.

If the instrument of writing under which possession is obtained does not describe specifically the land to be conveyed, the acts and conduct of the parties in giving and taking possession will be treated as part of the transaction and supply the defect in the instrument.

The act of limitations begins to run when the adverse possession commences, and does not stop thereafter, but continues at the will of the party in possession, unless interrupted by the act of one having a better title.

Where adverse possession begins during the lifetime of the real owner, it does not cease at his death by operation of law, but, if maintained, continues as against all parties claiming by or through him, whether minors, married women, persons of unsound minds or otherwise.

Evidence of a deed having been made for a tract of land, the non-production of it having been satisfactorily accounted for, if believed by the jury, will be sufficient to sustain their verdict.

(*Sussex, October 19, 1886.*)

ACTION OF EJECTMENT for a tract of land situated in Dagsboro hundred. The lessees of the plaintiff claim title as the heirs-at-law of Robert Mumford. The defendants claim title as purchasers at the sale of the lands of Samuel Mumford by order of the Orphans' Court, the said Samuel Mumford having come into possession and entered upon said land by a contract of sale with Robert Mumford, offering in support a receipt from the said Robert Mumford, the original owner, to the said Samuel Munford, dated May 31, 1850, and adverse possession since 1849.

*White,* for the plaintiff.

*Moore & Moore,* for the defendant.

COMEGYS, C. J., charged the jury:

Where a party enters into possession of real estate, by the consent of the owner, under a contract of final purchase between them, some one or more of the terms of which remain to be performed by such party before he can call for a deed, his possession is to be considered as by consent only (unless possession be stipulated for) until all the terms of the contract, to be performed on his part, are complied with by him; from which time the possession becomes adverse, and if it so continue for the period of twenty years, the right of the former owner to recover possession is gone. While it is technically true that until the expiration of the period of twenty years the naked legal title remains in such owner, and would support an ejectment; yet, if it appeared that all the terms of the contract had been complied with by the purchaser, no court of law should allow the plaintiff's lessor to issue a writ to oust him of his possession.

Where, as in the present case, the receipt or other evidence of contract, does not describe in any way the land to be conveyed, the acts and conduct of the parties in giving and taking possession, will be treated as part of the transaction, and supply the defect in the instrument. Therefore, if the jury in this case should be satisfied,

from the testimony, that the part of the larger tract owned by Robert Mumford shown on the plot and admitted by the parties to be the disputed land, is the same land of which possession was given to, and taken by, Samuel Mumford, it is to be treated, under such circumstances, as being the lands which the parties had in contemplation and bargained about, the same as if particularly described in the receipt.

Where adverse psssession begins in the life-time of the real owner of the land, it does not cease at his death by operation and effect of law; but, if maintained, continues against his heirs, and all others claiming by or through him, or them, whether or not they be under age, married women or persons of unsound mind at the time of such death. The act of limitations begins to run when the adverse possession commences, and does not stop, but continues, at the will of the party in possession, unless interrupted by adversary act of one having better title.

It appears by the testimony of Robert B. Houston that the security provided for in the receipt given by Robert Mumford to Samuel Mumford, was assigned by the said Robert to him and his brother in part payment for the large tract shown on the plot out of which the piece sold by Robert to Samuel Mumford was carved, and that the same was paid by Samuel. This transaction having taken place so long back, and the immediate parties to the contract of sale having died twenty years ago, the jury in the absence of proof upon the subject, would be warranted in presuming that a deed for the premises bargained for was made in due form. But without being confined to such presumption, the jury have evidence before them that such a deed was in fact duly made. If they believe it, it is sufficient—the non-production of it being accounted for, as is centended by the defendant, by the destruction by fire of the papers of the surveyor to whom it was delivered to enable him to survey the lands of which the aforesaid Robert Mumford died intestate, under an order of the Orphans' Court of Sussex county.

Verdict for the defendant.